1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GEORGE R. AYDELOTTE,

       Plaintiff,

     v.

TOWN OF SKYKOMISH, *et al.*,

       Defendants.

Case No. C14-307RSL

ORDER DENYING MOTION FOR
TEMPORARY RESTRAINING
ORDER

     This matter comes before the Court on Plaintiff's "Motion and Declaration for Temporary Restraining Order." Dkt. # 24. Plaintiff George Aydelotte brings this action under 42 U.S.C. § 1983 and alleges that the town of Skykomish, Washington, certain town officials, including the mayor, building inspector, council members, and the clerk, harassed him and violated his constitutional rights. Am. Compl. (Dkt. # 23).[1] He claims that Defendants have harassed him in retaliation for and to prevent him from exercising his first amendment rights and certain property rights. Id. He also contends that Defendants have conspired to deprive him of his civil rights. Id. Although the operative pleading in this matter does not identify any particular relief sought, Plaintiff's original complaint requests relief in the form of an injunction, damages, and the

_____

[1] In response to Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(e), dkt. # 18, and this Court's Order, dkt. # 14, Plaintiff filed a "Clarification of Complaint" pursuant to Fed. R. Civ. P. 15(a)(1)(B). Dkt. # 23. Because an amended complaint supercedes the original complaint, rendering it without legal effect, Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012), the Court relies on the amended complaint for purposes of this Order.

ORDER DENYING MOTION
FOR TEMPORARY RESTRAINING ORDER

1    removal of individuals from public office who have either used their authority to harass Plaintiff
2    or sold their influence for private gain.  Compl. (Dkt. # 1) at 7.
3          In his motion for temporary restraining order, Plaintiff seeks "a temporary restraining
4    order and injunction restricting the implementation of the November 30 (sic) 2013 decision of
5    town of Skykomish building inspector Mike Descheemaeker."  Mot. (Dkt. # 24) at 1.  The
6    November 30, 2013, Order identified by Plaintiff was issued by the Skykomish building
7    inspector after a hearing regarding the state of Plaintiff's property located at 305 River Drive,
8    Skykomish, Washington.  Mot., Ex. 1 ("Hearing Order") (Dkt. # 24-1).  After hearing testimony
9    and reviewing the records, the building inspector found that the property was substantially
10   damaged from a fire in August 2011 and its charred remains were uninhabitable and posed a
11   threat to the health and safety of Skykomish residents.  Id. at 3.  The building inspector
12   concluded that the residence was unfit and a nuisance pursuant to Skykomish Municipal Code
13   ("SMC") 15.25.040 and 15.25.060.  Id. at 5.  Based on a finding that the estimated repair costs
14   exceeded 60 percent of the value of the building, the building inspector ordered Plaintiff to
15   obtain a demolition permit and complete the demolition no later than January 31, 2014.  Id. at 6.
16   In addition to ordering the demolition of the building, the building inspector assessed an
17   administrative fee of $1,500 pursuant to SMC 15.25.120(2)(b)(ii).  Id. at 6.
18         Plaintiff timely appealed the decision to the Skykomish Town Council.  Decl. of David L.
19   Force in Supp. of Opp. to Mot., Ex. 1 (Dkt. # 28) at 1-2.  On January 28, 2014,[2] the Town
20   Council affirmed the building inspector's decision and ordered Plaintiff to complete the
21   demolition by March 30, 2014.  Id. at 2.  Plaintiff was given 30 days to appeal the Town
22
23         [2] Although the signature page of the Town Council's order is dated January 28, 2013, the Court
24   has assumed that the actual date on which the order was signed is January 18, 2014.  Neither party has
     suggested that the Town Council affirmed the building inspector's decision in 2013 and the other dates
25   set forth in the order, as well as the background facts of this case, suggest that the year should say 2014.
26
     ORDER DENYING MOTION
     FOR TEMPORARY RESTRAINING ORDER          -2-

1   Council's order in superior court, but he did not pursue that opportunity.  Id. at 3.

2           On April 23, 2014, Plaintiff applied for and received a demolition permit.  Mot., Ex. 9

3   (Dkt. # 24-9).  On June 13, 2014, the Mayor of Skykomish sent Plaintiff a letter informing him

4   that because he had not completed the demolition, the town had solicited bids from licensed

5   contractors to demolish the structure.  Mot., Ex. 8 (Dkt. # 24-8).  According to the letter, the

6   demolition is scheduled to begin June 26, 2014.  Id.  Having reviewed the memoranda,

7   declarations, and exhibits submitted by the parties, the Court finds as follows:

8                                          **I. DISCUSSION**

9           Although the procedure for obtaining a temporary restraining order differs from that

10  which is applicable in the preliminary injunction context, the factors considered by the Court are

11  the same.  A plaintiff seeking injunctive relief "must establish that he is likely to succeed on the

12  merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

13  balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v.

14  Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).  Additionally, a "preliminary injunction

15  is appropriate when a plaintiff demonstrates that serious questions going to the merits were

16  raised and the balance of hardships tips sharply in the plaintiff's favor," provided the plaintiff

17  also demonstrates irreparable harm and that the injunction is in the public interest.  Alliance for

18  the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134-35 (9th Cir. 2011) (internal quotation marks

19  omitted).  Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear

20  showing that the plaintiff is entitled to such relief."  Winter, 555 U.S. at 22.  Plaintiff has not met

21  this burden.

22          To prevail in a § 1983 action, Plaintiff must show "(1) that a person acting under color of

23  state law committed the conduct at issue, and (2) that the conduct deprived [Plaintiff] of some

24  right, privilege, or immunity protected by the Constitution or laws of the United States."  Leer v.

25  Murphy, 844 F.2d 628, 632-33 (9th Cir. 1988).  When a § 1983 claim is alleged against a local

26

ORDER DENYING MOTION
FOR TEMPORARY RESTRAINING ORDER          -3-

1    government, it is not enough to establish the deprivation of a federal right by an employee of the

2    municipality.  A municipality may be held liable for constitutional violations only when they

3    occur as a result of the government's official "policy or custom."  Monell v. Dep't of Soc.

4    Servs., 436 U.S. 658, 694 (1978).  Although not a model of clarity, Plaintiff appears to allege

5    that Defendants violated his rights under the First and Fourteenth Amendments.[3]

6         "In recognizing one's protected interest in commenting on government officials' actions,

7    [the Ninth Circuit has] stated that it is clear that state action designed to retaliate against and

8    chill political expression strikes at the heart of the First Amendment."  CarePartners, LLC v.

9    Lashway, 545 F.3d 867, 877 (9th Cir. 2008) (internal quotation marks and alterations omitted).

10   "A plaintiff alleging retaliation for the exercise of constitutionally protected rights must initially

11   show that the protected conduct was a substantial or motivating factor in the defendant's

12   decision."  Id. (internal quotation marks omitted).

13        Plaintiff contends that he is being retaliated against for his efforts to compel Skykomish

14   officials to disclose their finances and for putting political signs on his property.  Am. Compl.

15   (Dkt. # 23 at 1, 5).  This conduct is protected by the First Amendment.  Bardzik v. Cnty. of

16   Orange, 635 F.3d 1138, 1144 (9th Cir. 2011) ("The First Amendment protects the rights of

17   citizens to criticize a government official, to support a candidate opposing an elected official, or

18   to run against an elected official.").  To succeed on his claim that the decision to demolish his

19   property was based on this protected behavior, Plaintiff must provide more than mere evidence

20   that Defendants were aware of his expressive conduct.  Alpha Energy Savers, Inc. v. Hansen,

21   381 F.3d 917, 929 (9th Cir. 2004).  Plaintiff has not demonstrated a likelihood of success on this

22   claim because there is no indication that his political expression was a substantial or motivating

23   factor for the building inspector's decision.  Instead, Plaintiff has submitted evidence that the

24   _____

25        [3]  Because Plaintiff is proceeding pro se in the above-captioned matter, this Court construes the
     amended complaint.  Bernhardt v. Los Angeles Cnty., 339 F.3d 920, 925 (9th Cir. 2003).

26

1   decision to demolish the structure on Plaintiff's property was based on its unstable and

2   dangerous condition resulting from a fire.

3          Despite his arguments to the contrary, Plaintiff's allegations under the Fourteenth

4   Amendment do not support the issuance of a temporary restraining order in this case.  To

5   succeed on a substantive due process claim, Plaintiff must show that a state actor deprived him

6   of a constitutionally protected life, liberty, or property interest.  Shanks v. Dressel, 540 F.3d

7   1082, 1087 (9th Cir. 2008).  "[T]he irreducible minimum of a substantive due process claim

8   challenging land use action is a failure to advance any legitimate governmental purpose."  Id.

9   (internal quotation marks omitted).  Where, as is the case here, a discrete land use decision is at

10  issue, "only egregious official conduct can be said to be arbitrary in the constitutional sense:  it

11  must amount to an abuse of power lacking any reasonable justification in the service of a

12  legitimate government objective."  Id. (internal quotation marks omitted).  Plaintiff has not

13  demonstrated a likelihood of meeting this burden.  As explained in the Hearing Order, the

14  building inspector's decision was based on a finding that the fire-damaged property posed a

15  significant threat to the health and safety of the residents of Skykomish.  Mot., Ex. 1 (Dkt. # 24-

16  1) at 3.  Plaintiff has not provided any reason to doubt these legitimate concerns.

17         Similarly, Plaintiff has not demonstrated a likelihood of success on his procedural due

18  process claim.  "To obtain relief on a procedural due process claim, [Plaintiff] must establish the

19  existence of (1) a liberty or property interest protected by the Constitution; (2) a deprivation of

20  the interest by the government; [and] (3) lack of process."  Shanks, 540 F.3d at 1090.  Plaintiff

21  has submitted evidence that he was given notice of the hearing, an opportunity to be heard, and

22  that he was notified of his right to appeal should he disagree with the building inspector's

23  decision.  Mot., Ex. 1 (Dkt. # 24-1) at 3, 4, 7.  Plaintiff testified at the hearing regarding the

24  demolition of the structure on his property and appealed to the Town Council.  Even though he

25  was given notice that he could seek judicial review of the Town Council's decision, nothing

26

ORDER DENYING MOTION
FOR TEMPORARY RESTRAINING ORDER          -5-

suggests that he attempted to seek review or that the appeal procedures were inadequate.  Based on the record currently before the Court, the Court finds that Plaintiff has not shown a likelihood of success on his procedural due process claim.

With respect to Plaintiff's equal protection claim, see Am. Compl. (Dkt. # 23) at 2, Plaintiff does not allege that "[Defendants] acted with an intent or purpose to discriminate against [Plaintiff] based upon membership in a protected class." Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001) (internal quotation marks omitted).  Notably, Plaintiff does not allege that he is a member of any protected class.  Even though a "class of one" may be sufficient to state an equal protection claim, such a claim requires evidence that Plaintiff was intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.  Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). Plaintiff fails to provide any information supporting his claim that his neighbor is similarly situated and therefore, he has not raised serious questions going to the merit of this claim.

Finally, to the extent that Plaintiff alleges that Defendants conspired to deprive him of his civil rights, he does not allege that there was any "agreement or meeting of the minds" to violate any specific rights.  Ward v. E.E.O.C., 719 F.2d 311, 314 (9th Cir. 1983).  Thus, he has not demonstrated a likelihood of success on this claim.

## II.  CONCLUSION

For all of the foregoing reasons, Plaintiff's motion for temporary restraining order (Dkt. # 24) is DENIED.

DATED this 25 day of June, 2014.

*Mark S Lasnik*

Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION
FOR TEMPORARY RESTRAINING ORDER          -6-