David L. Force, WSBA #29997
Attorney for Defendants
Carlson & McMahon, PLLC
715 Washington Street
P.O. Box 2965
Wenatchee, WA  98807-2965
509-662-6131
509-663-0679 Facsimile
davidf@carlson-mcmahon.org

THE HONORABLE MARSHA J. PECHMAN
NOVEMBER 20, 2020
WITHOUT ORAL ARGUMENT

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| GEORGE R. AYDELOTTE,<br><br>    Plaintiff(s),<br><br>    vs.<br><br>TOWN OF SKYKOMISH, et al.,<br><br>    Defendant(s). | **NO. 2:14-CV-00307-MJP**<br><br>**DEFENDANTS' MOTION TO STAY TRIAL PROCEEDINGS** |

COME NOW Defendants, above-named, by and through their undersigned attorneys, David L. Force of Carlson & McMahon, PLLC, and respectfully submit this Motion to Stay Trial Proceedings.

## I.   RELIEF REQUESTED

Defendants respectfully request that this Court stay all pre-trial litigation and the trial, which is currently set for December 7, 2020, pending a decision on Mr. Descheemaeker's interlocutory appeal.

DEFENDANTS' MOTION TO STAY TRIAL PROCEEDINGS
Page 1

Carlson & McMahon, PLLC
715 Washington Street / Post Office Box 2965
Wenatchee, WA  98807-2965
(509) 662-6131    Fax (509) 663-0679

## II.    MATERIAL FACTS

On July 29, 2020, this Court denied Mr. Descheemaeker's Motion for Summary Judgment based upon Qualified Immunity on the Plaintiff's First Amendment cause of action. Following the denial of Mr. Descheemaeker's Motion for Summary Judgment, Mr. Descheemaeker filed a Notice of Appeal to the Ninth Circuit Court of Appeals. That appeal is currently pending with the Ninth Circuit and briefing has not yet been submitted to the court. Counsel for Plaintiff does not oppose the Defendants' Motion to Stay. (See Declaration of David L. Force).

## III.    ISSUE PRESENTED

Whether, in the interest of judicial economy, the Court should stay all pre-trial litigation and trial pending the Ninth Circuit's decision on Mr. Descheemaeker's interlocutory appeal.

## IV.    EVIDENCE RELIED UPON

Defendants rely on the pleadings, documents, and evidence already on record with this Court as well as the Declaration of David L. Force.

## V. ARGUMENT AND AUTHORITIES

A district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an immediately appealable "final decision" within the

DEFENDANTS' MOTION TO STAY TRIAL PROCEEDINGS
Page 2

**Carlson & McMahon, PLLC**
715 Washington Street / Post Office Box 2965
Wenatchee, WA  98807-2965
(509) 662-6131    Fax (509) 663-0679

meaning of 28 U.S.C. § 1291.[1]  *Mitchell v. Forsyth*, 472 U.S. 551, 527 (1985); *Ames v. King County*, 846 F.3d 340, 347 (9th Cir. 2017).  The filing of an immediately appealable interlocutory claim divests the district court of jurisdiction to proceed with trial on that claim; it does not divest the district court of jurisdiction to continue with other phases of the case.  *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992); *Plotkin v. Pacific Tel and Tel. Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982).

Therefore, the filing of an interlocutory appeal does not automatically stay proceedings in the district court.  *Filtrol Corp. v. Kelleher*, 467 F.2d 242, 244 (9th Cir. 1972).  Instead, the district court has broad discretion to decide whether a stay is appropriate to "promote economy of time and effort for itself, for counsel, and for litigants."  *Id.* (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)); *Mediterranean Enterprises, Inc. v, Ssangyong Corp.*, 708 F.2d 1458 1465 (9th Cir. 1983) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.")

The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion.  *Nken v. Holder*, 556 U.S. 418, 433-34 (2009).  The propriety of the stay is dependent upon the circumstances of

---

[1] While this Court ruled that there are genuine issues of material fact with respect to Mr. Taylor's actions and the presence of the handgun that precluded summary disposition of the Fourth Amendment claims and qualified immunity, Defendants respectfully submit that the undisputed facts still mandate a grant of qualified immunity.

DEFENDANTS' MOTION TO STAY TRIAL PROCEEDINGS
Page 3

**Carlson & McMahon, PLLC**
715 Washington Street / Post Office Box 2965
Wenatchee, WA  98807-2965
(509) 662-6131   Fax (509) 663-0679

the particular case, and it exercising its judgment, the court should consider "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;[2] (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id*. at 434 (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).  While the first two factors are the most critical, the Ninth Circuit weighs these factors with a "general balancing" or "sliding scale" approach, under which "a stronger showing of one element may offset a weaker showing of another. *Nken*, 556 U.S. at 434; *Leiva-Perez*, 640 F.3d at 964.

The four circumstances favor staying this case.  If this case proceeds to trial on December 7, 2020, the jury cannot be instructed on Plaintiff's First Amendment claims asserted against Mr. Descheemaeker, because those claims are now on appeal with the Ninth Circuit.  As this Court is well aware from previous consideration of the party's motion for summary judgment, the First Amendment claims Plaintiff asserts against Mr. Descheemaeker are closely intertwined with each of his remaining claims against the other defendants.  Indeed, Plaintiff will be pursuing First Amendment retaliation claims against the Town of Skykomish as

---

[2] The first factor does not require a demonstration that success on appeal is more likely than not; rather, the moving party need only show that his or her appeal raises serious legal questions or has a reasonable probability or fair prospect of success.  *Leiva-Perez v. Holder*, 640 F.3d 962, 971 (9th Cir. 2011).

DEFENDANTS' MOTION TO STAY TRIAL PROCEEDINGS
Page 4

**Carlson & McMahon, PLLC**
715 Washington Street / Post Office Box 2965
Wenatchee, WA  98807-2965
(509) 662-6131    Fax (509) 663-0679

well at the December 7, 2020 trial, and those claims are nearly identical to those now on appeal.

If this Court does not stay the current trial date pending Mr. Descheemaeker's appeal, there is a serious risk that the Court will have to entertain two nearly identical trials. For all of the reasons expressed in Defendant's Motion for Summary Judgment, there is a good faith belief that Mr. Descheemaeker is entitled to Qualified Immunity on Plaintiff's First Amendment retaliation claims. If Mr. Descheemaeker prevails on appeal, there will be no need for a second trial. However, if this Court's order stands, and if this defendant is not entitled to Qualified Immunity, then the matter will be remanded for a new trial. The Court will then have to set a new case schedule and devote all of the same resources to a second trial. A new set of jurors will have to be empaneled, pre-trial motions will be filed and decided, and counsel for plaintiff and defendants will have to prepare for and present a nearly identical case, involving the same witnesses and the same evidence.

On top of the inefficiency of two trials, there is a risk of inconsistent verdicts. If Plaintiff does not prevail at the first trial, he may get a second bite at the apple. If Plaintiff does prevail at the first trial, he may not prevail at the second, resulting in inconsistent verdicts based on the same factual backdrop. Defendants respectfully request that this Court stay the proceedings until the Ninth Circuit rules on the issue

DEFENDANTS' MOTION TO STAY TRIAL PROCEEDINGS
Page 5

**Carlson & McMahon, PLLC**
715 Washington Street / Post Office Box 2965
Wenatchee, WA 98807-2965
(509) 662-6131    Fax (509) 663-0679

of Qualified Immunity for Mr. Descheemaeker.

## VI.   CONCLUSION

Since this Court does not have jurisdiction over Plaintiff's First Amendment claim that is currently pending on appeal, this Court should stay the remainder of the case pending resolution of Mr. Descheemaeker's Ninth Circuit Appeal.

Respectfully submitted this 5th day of November, 2020.

                CARLSON & McMAHON, PLLC

        By   /s/ DAVID L. FORCE
                DAVID L. FORCE, WSBA #29997
                Attorney for Defendants Town of
                Skykomish, Alan A. Grider and
                Crystal Grider and
                Mike D. Descheemaeker
                715 Washington Street
                P.O. Box 2965
                Wenatchee, WA  98807-2965
                509-662-6131
                509-663-0679 Facsimile
                davidf@carlson-mcmahon.org

AWC05-02326\PLE\MTN TO STAY TRIAL PROCEEDINGS-110520

DEFENDANTS' MOTION TO STAY TRIAL PROCEEDINGS
Page 6

**Carlson & McMahon, PLLC**
715 Washington Street / Post Office Box 2965
Wenatchee, WA  98807-2965
(509) 662-6131   Fax (509) 663-0679

## CERTIFICATION OF SERVICE

I declare under penalty of perjury under the laws of the State of Washington that on November 5, 2020 I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Western District of Washington using the CM/DKT. system and forwarded a copy via electronic mail to the following party:

James E Howard  jimhoward@dwt.com

MaryAnn Tatiana Almeida  maryannalmeida@dwt.com

Rose McCarty  rosemccarty@dwt.com

Thomas P Miller  tom@christielawgroup.com

Signed at Wenatchee, Washington on November 5, 2020.

/s/   David L. Force
DAVID L. FORCE, WSBA #29997

DEFENDANTS' MOTION TO STAY TRIAL PROCEEDINGS
Page 7

**Carlson & McMahon, PLLC**
715 Washington Street / Post Office Box 2965
Wenatchee, WA  98807-2965
(509) 662-6131    Fax (509) 663-0679